JOHN VAN PELT, Appellant, v. THOMAS WILLEMSEN et al., Appellees.

No. 39825.

OCTOBER 22, 1929.

*Hatley & Van de Steeg,* for appellant.

*Klay & Klay,* for John Willemsen, appellee.

EVANS, J.—All the parties, both plaintiff and defendants, are residents of Glendale, California, though formerly residents of Sioux County, Iowa. Suit was brought by attachment. The defendant John Willemsen appeared. No service was had upon the other defendants, and no appearance for them was entered. The procedure is not questioned. The defendants Thomas and Nellie Willemsen are husband and wife, and are the principal debtors of the plaintiff. The defendant John Willemsen is their son. A daughter, Harriett, is also interested in the litigation, but is not a party to the case. Prior to December, 1927, Nellie Willemsen held title to certain residence property in Orange City, which she had acquired in the years 1924 and 1925. This property consisted of two lots, one being occupied by a residence, and the other a vacant lot. In December, 1927, she conveyed this property to her son John, each lot being conveyed by a separate instrument. The plaintiff charges that the conveyance was made for the fraudulent purpose of hindering and delaying the creditors of the grantor and of her husband. It is averred that the real owner of the property was defendant Thomas, in that he purchased the same, and took the title in the name of his wife, Nellie, for the purpose of hindering and delaying his creditors; that she conveyed it to the defendant John for the purpose of hindering and delaying her creditors. The plaintiff is the creditor of both Thomas and Nellie. It does not appear that these defendants had any other creditors except one, who was secured by a mechanic's lien upon the same property. If Thomas took the title in the name of his wife, Nellie, it worked no injury to the plaintiff, and could not have been deemed fraudulent for that reason. The real fighting question is whether the conveyance to John was a fraudulent conveyance. The family of these debtors comprised a son and a daughter, John and Harriett, both adult. That the parents are insolvent, and were insolvent when the conveyance was made, and indeed in-

solvent when the property was acquired by them, is undisputed. The residence property was purchased in 1924, for an agreed price of $2,400, of which price $300 was paid in cash. The purchase was by contract, which provided for monthly payments of $20, to continue until the whole debt was paid. The family occupied the residence as a home until 1926, when they moved to California. The property was rented at $20 a month, and these rentals were applied upon the monthly payments required by the contract. The $300 payment was furnished by the son and daughter. Other sums of money had been advanced by son and daughter to their parents at various times, until the indebtedness to John amounted to $670, and the indebtedness to Harriett amounted to $721. The property was conveyed by the mother to John for the benefit of himself and Harriett, and in satisfaction of the aforesaid indebtedness. The amount of purchase money still due to be paid was about $1,250. The evidence shows the property to have been worth from $2,500 to $3,200. The cost thereof to the son and daughter was between $2,600 and $2,700. If the property should be deemed fairly worth $3,200, the disparity between such sum and the sum of $2,600 is not greater than obtains frequently in sales of real estate. If the plaintiff was ready to take the property at a larger price than $2,600, he did not so indicate in his pleadings. In other words, the disparity between the maximum valuation put upon the property by the plaintiff and the price at which it passed to John is not great enough to amount to a badge of fraud. We are impressed from the record that the property could not readily be sold for the amount invested in it; though it does appear that, after the purchase, the defendant Thomas, who was a carpenter, did considerable repair and improvement work upon the residence. The fighting issue in the case is wholly one of fact: Were the defendants indebted to John and Harriett substantially in the amount claimed? If they were, they had a legal right to prefer them over other creditors. The evidence of John and Harriett is definite and direct on the issue. It is not impeached by the circumstances surrounding the parties. The district court found it to be true. We discover no reason in the record why the finding should be otherwise.

The argument for the appellant is that, in view of the relationship of the parties and the insolvency of the grantors, it

should be presumed that the grantors intended to defraud their  other creditors, and that John should be presumed to have known of the intent, and that no amount of consideration paid by him would purge the transaction of the fraud. If John had been a volunteer purchaser, and not a creditor, then the line of argument of the appellant would be more pertinent. A creditor is not deemed to be a volunteer. He acts under the necessity of securing his claim. He is legally permitted to do so, even to a preference over other creditors. To that extent, he is not chargeable as aiding the fraudulent intent, if such, of his grantor. Indeed, the grantor is not chargeable with fraudulent intent if he does no more than to secure one creditor in preference to another. All the evidence in this case appears to have been taken by deposition. It is somewhat meager in details. We discover no ground, however, to disturb the finding of the district court.

The decree below is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.